UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23389-CIV-MORENO/TORRES

GLADYS MENESES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### *I.  INTRODUCTION*

This matter is before the Court on the cross-motions for summary judgment filed, respectively, by Plaintiff GLADYS MENESES ("Claimant") and by Defendant MICHAEL J. ASTRUE, Commissioner of Social Security ("Commissioner").  The motions were referred to United States Magistrate Judge Edwin G. Torres pursuant to 28 U.S.C. § 636 and Magistrate Rule 1(c) and (d), Local Rules of the United States District Court for the Southern District of Florida.  [D.E. 2].

The cross-motions present the following issue: whether the Commissioner's final decision, finding Claimant not disabled under the Social Security Act ("the Act"), is supported by substantial evidence on the record as a whole, and whether the proper legal standards were applied.  [D.E. 23 at 1].

Under the limited standard of review that governs this case, this Court concludes that substantial evidence does support the ALJ's determination.  Plaintiff's

Motion for Summary Judgment [D.E. 18] should be denied, Defendant's Motion for Summary Judgment [D.E. 23] should be granted, and the Commissioner's decision should be affirmed for the reasons stated below.

## *II.  PROCEDURAL HISTORY*

Plaintiff filed an application for a period disability and disability insurance benefits on July 6, 2004, alleging disability beginning July 1, 2002.[1] [D.E. 18 at 2]. Her initial application and reconsideration were denied. [D.E. 18 at 2].

Claimant appealed the decision of the Medical Adjudicator to an Administrative Law Judge ("ALJ"). On July 30, 2007, Claimant appeared and testified at the Administrative Law Hearing. [D.E. 18 at 2]. On a decision rendered August 27, 2007, the ALJ found that prior to January 5, 2005, Claimant was capable of performing past relevant work. But, the ALJ also found that beginning on January 5, 2005, the Claimant's residual functional capacity prevented the Claimant from being able to perform past relevant work. [D.E. 18 at 3]. Accordingly, Claimant appealed and after considering additional arguments submitted by Claimant, the Appeals Council of the Social Security Administration denied Claimant's request for review on October 29, 2008. [D.E. 23 at 2]. Thus, the decision of the ALJ stands as the final decision of the Commissioner and its ripe for judicial review. [D.E. 23 at 2].

---

[1] Plaintiff and Defendant's Motion differ as to when Plaintiff filed her application. According to the transcript, the Administrative Law Judge ("ALJ") cites the filing date to have been on July 6, 2004, while the Disability Determination and Transmittal form cites the filing date to be on July 19, 2004.

On December 8, 2008, Claimant filed this Complaint [D.E. 1] seeking reversal of the Commissioner's final decision. Thereafter, on March 30, 2009, the Commissioner filed an Answer [D.E. 14] to Plaintiff's complaint. On September 15, 2009, Plaintiff filed her Motion for Summary Judgment [D.E. 18] and on December 16, 2009, the Commissioner filed Defendant's Motion for Summary Judgment and responded to Plaintiff's motion. [D.E. 23].

### III.   FACTS IN THE RECORD

#### A.   *Plaintiff's Testimony*

Plaintiff testified that she was born in 1947. She graduated from high school in Colombia. She claimed that she became unable to work on July 1, 2002, due to fragile bones, dizziness, and low back pain, which made her unable to walk. [D.E. 23 at 2]. She spoke "very little" English and testified with the aide of a interpreter.

During the past 15 years before the proceeding below, Plaintiff worked as a cashier, stopping in 2002 or 2003 due to pain in her legs, back and head. As a result, she began to see the doctor more frequently in 2006, when her condition became worse. She was on five different medications, including "a lot of medication for the dizzy spells." Plaintiff also testified of dizzy spells she has to go to the hospital "at least six times." She, however, testified that she doesn't pay attention to the dizzy spells and because of them she lays down.   [D.E. 23 at 4].

Plaintiff also testified that she had tendonitis in her hands, inhibiting her from holding on to things. She wore a brace on her left hand, so that she could use her right hand. Although Plaintiff complained of severe pain in her hands for four to five years,

3

and despite the fact that her doctor recommended surgery, she had refused due to fear of the procedure and consequences. Plaintiff also described a seven-to-eight year history of severe headaches. [D.E. 23 at 4].

### B.   *Medical Evidence*

On April 16, 2004, Plaintiff underwent a computed tomography ("CT") scan of her brain to evaluate her complaints of her recent onset of dizzy spells, unstable gait, and nausea. [D.E. 23 at 3]. The results of this CT scan were normal. Additionally, the results of a radiographic examination of her hip on October 25, 2004 was also normal. [*Id.*].

On January 5, 2005, however, neurologist Brad Herskowitz, M.D., examined Claimant and found that she had significant pain to palpation in all of her joints.. She had a deformed first metacarpal-phalangeal joint, which was a bit enlarged and painful to the touch. [D.E. 23 at 3]. Dr. Herskowitz noted no obvious redness or swelling of her joints, giving him the impression of chronic pain, appearing to be arthritic in nature. [Id.]. As a result, Dr. Herskowitz recommended that Claimant see a rheumatologist. [D.E. 18 at 6]. Besides Claimant's chronic headaches, Dr. Herskowitz found no evidence of any neurological disease. He also reported that Claimant's cranial nerves, motor, and gait and station continued to be normal. [D.E. 23 at 3].

The ALJ considered the failure of the objective medical evidence to demonstrate exacerbation of Plaintiff's vertigo and joint pain to the extent that aggressive treatment measures consistent with disability were required. Moreover, there was no recommendation in the record from any physician that Claimant should lie down

during the day, nor was she prescribed medications that would have been likely to confine her to bed. [D.E. 23 at 3]. Claimant also was not given a TENs unit for management of pain complaints.

With time, the medical evidence shows a deterioration of Claimant's physical conditions. On August 29, 2005, nerve conduction velocity testing showed bilateral ulnar nerve dysfunction at the elbow resulting in mild axon loss. Furthermore, on September 2, 2005, radiographic studies of Claimant's hands revealed osteopenia with a suggestion of a loosened right ulnar screw. Another study of her cervical spine indicated deterioration of her condition. [D.E. 23 at 3].

## IV.  STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Findings

of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. If the claimant establishes such an impairment,

the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## V.  ANALYSIS

### A.  *The Residual Functional Capacity Assessment*

The Plaintiff argues that the absence of a physical capacities evaluation by a treating or examining physician precluded the ALJ from making a proper Residual Functional Capacity ("RFC") determination. The Plaintiff relies on *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003), in which the Southern District of Alabama found it unclear from the facts "how the ALJ found plaintiff could meet the threshold physical requirements of medium work, in absence of a physical capacities evaluation ("PCE") completed by a treating or examining physician, particularly in light of plaintiff's numerous severe impairments." *Id.* at 1010.

In this case, there is only one assessment prepared by a file-reviewing person on January 28, 2005 and the evidence is silent as to whether this person is a physician. [D.E. 18 at 9]. Plaintiff, argues that an ALJ's RFC cannot be supported with the RFC of a non-examining reviewing physician, but must be supported by the residual functional capacity assessment of a treating or examining physician. [D.E. 18 at 9, 10] Thus, Plaintiff contends that because here there is no RFC completed by a physician,

it was legal error for the ALJ to rely upon that RFC in finding that Claimant was not disabled. [*Id.*]

As Defendant points out, however, (1) *Coleman* is not binding precedent on this Court and (2) that Plaintiff has failed to cite to "any regulation or controlling precedent that requires a RFC assessment by an acceptable medical source for a proper RFC determination." [D.E. 23 at 6]. With regard to Defendant's first point, this Court finds that Plaintiff's reliance *Coleman* is misplaced. Unlike this case, *Coleman* involved a situation in which the Agency sent the claimant to a medical consultant for examination; however, the consultant did not complete the physical assessment because he determined that the claimant needed a stress test, and the ALJ instead relied upon the assessment of a non-examining medical consultant. In this case, however, neither the Plaintiff's doctor nor any other doctor indicated that a consultative examination was necessary before a functional assessment could be completed.

Instead, Plaintiff wants this Court to remand the matter "with instructions to procure an RFC who is a physician." [D.E. 18 at 10]. But the burden to prove disability always lies with the claimant, *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005), and because Plaintiff did not meet her burden of proof by providing the necessary PCE to prove that her physical impairments produced functional limitations during the contested period of time, Plaintiff cannot now ask this Court to remand this case to obtain a PCE by a treating physician.

8

Second, Plaintiff incorrectly claims that an ALJ's RFC cannot be supported with the RFC of a non-examining reviewing physician, but must be supported by the residual functional capacity assessment of a treating or examining physician. Not only does Plaintiff not cite to any cases to support this argument, but as Defendant points out, "although a claimant may provide a statement of a physician's opinion of her remaining capabilities, the ALJ need only to evaluate such a statement in light of the other evidence presented, and the ultimate determination of disability is reserved for the ALJ." [D.E. 23 at 7]. Section 404.1520(e) of the Code of Federal Regulations states that the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Moreover, the Seventh Circuit in *Schmidt v. Astrue*, 496 F.3d 833, 845, (7th Cir. 2007), held that when determining a claimant's RFC, "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (citing *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995)). Thus, the absence of an opinion from an acceptable medical source does not preclude the ALJ from making a proper residual functional capacity determination.

In this case, the ALJ found that Plaintiff could perform the full range of work at the light level of exertion at all times through January 5, 2005. The ALJ first considered the failure of the objective medical evidence to demonstrate exacerbation of Plaintiff's vertigo and joint pain to the extent that aggressive treatment measures consistent with disability were required. Here, the medical evidence provided by

9

Plaintiff are doctor's notes provided during client intake at Jackson Memorial Hospital and are of the self-reporting type, as compared to a consultative evaluation, as the one prepared by Dr. Herskowitz. By contrast, the objective evidence after January 5, 2005 supports the ALJ's finding that Plaintiff's condition progressively worsened, and imposed greater limitations upon her functional capacity. [D.E. 23 at 8]. Such objective medical evidence supports the ALJ's finding that beginning January 2005, but not before, Plaintiff had impairments that limited manipulative activities, such as reaching, handling, fingering, and feeling. [D.E. 23 at 9]. "Many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold, and turn objects." Social Security Ruling (SSR) 83-14. Unskilled light jobs, "generally do not require use of fingers for fine activities to the extent required in much sedentary work." SSR 83-10.

Here, the objective medical evidence does not categorically require a finding of the presence of any functional limitations in addition to those which the ALJ included in his residual functional capacity finding. The ALJ noted that Plaintiff gave a "history of vertigo" to her treating physicians at Jackson Memorial Hospital. At the same time, Plaintiff had CT scans of the brain that were normal. Even Plaintiff's treating physician, Dr. Herskowitz, found no evidence of any neurological impairment except for chronic headaches. [D.E. 23 at 10].

There is evidence in the record to demonstrate that the ALJ did consider in fact the vertigo and Plaintiff's other impairments and complaints in establishing the RFC, absent further consultative evaluations by Plaintiff's doctors and notwithstanding the

fact that the vertigo was not of listing level. *See Spivey v. Apfel*, 133 F. Supp. 2d 1292, 1303 (M.D. Fla. 2001) (it is important that the ALJ consider every severe impairment in the establishment of the RFC).

The claimant bears the burden of demonstrating that she cannot return to her past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990). Thus, because Plaintiff did not meet her burden to prove that this impairment produced functional limitations during that period of time, the ALJ's RFC determination properly included only those limitations that the record supported. The evidence certainly could have supported a finding of disability earlier than January 2005; but we do not review this matter de novo. We only consider whether the ALJ's contrary decision was adequately supported by competent evidence in the record. It was. The Court's limited inquiry ends there.

### B.     *Absence of a Vocational Expert*

The remaining issue raised in this case relates to the alleged error below that resulted from the ALJ not consulting a vocational expert prior to rendering his decision. As already mentioned, the ALJ found that Plaintiff could perform the full range of work at the light level of exertion before January 5, 2005. Light work involves frequently lifting and carrying 10 pounds and up to 20 pounds on occasion, as well as sitting and standing and/or walking for a total of six hours in an eight hour workday. 20 C.F.R. § 404.1567(b). Plaintiff in her Work History Report dated November 15, 2004, claimed that she lifted 50 pounds frequently and stood eight hours a day. Yet the regulations require that a claimant not be able to perform her past type of work,

11

not that she be merely unable to perform a specific job that she held in the past. *See Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (holding that in disability benefits and supplemental security income cases, claimant must demonstrate an inability to return to previous type of work, i.e., occupation, that claimant was engaged in, not simply to specific prior job, *see also Moore v. Comm'r of Social Sec.*, 315 Fed. Appx. 844, 844 (11th Cir. 2009) (to establish a prima facie case of disability, the claimant must prove that he can no longer "perform his past *kind* of work, not that he merely [is] unable to perform a specific job he held in the past."). Thus, the Plaintiff's report of lifting and carrying 50 pounds frequently, even if fully credible, does not meet her burden of proving that she is unable to perform previous work.

Accordingly, having properly determined that Plaintiff could perform vocationally relevant past work, the ALJ was not required to obtain vocational expert testimony at step four of the sequential evaluation process. *Lucas*, 918 F.2d at 1573 n.2 (holding that testimony of a vocational expert was unnecessary in a proceeding for supplemental security income disability benefits, where administrative law judge concluded that claimant was capable of performing past relevant work).

As a result, Claimant's argument regarding the absence of a vocational expert below lacks merit and does not warrant a reversal or remand of the ALJ's findings below.

### VI.   *CONCLUSION & RECOMMENDATION*

Claimant had a fair hearing and a full administrative consideration in accordance with the applicable statutes and regulations. Substantial evidence

supports the ALJ's findings as noted in his June 10, 2003 Notice of Decision. For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment [D.E. 26] be **DENIED**, that Defendant's Motion for Summary Judgment [D.E. 27] be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

The parties shall have fourteenth (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Chief Judge Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Miami, Florida this 4th day of April, 2011.

EDWIN G. TORRES
United States Magistrate Judge